FILED
2021 SEP 20 PM 3:13
CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ROBERT BYRON,<br><br>    Plaintiff,<br><br>v.<br><br>UNIVERSITY OF UTAH;<br>LORI MCDONALD, in her official capacity;<br>and RUTH WATKINS, in her official capacity,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT<br>(DOC. NO. 42)<br><br>Case No. 2:20-cv-00290-DBB-DAO<br><br>Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Plaintiff Robert Byron's Motion for Leave to File Amended Complaint, ("Mot.," Doc. No. 42). For the reasons stated below, the court DENIES the motion.[1]

BACKGROUND

Mr. Byron filed this action against the University of Utah, Lori McDonald, in her official capacity, and Ruth Watkins, in her official capacity. (Compl., Doc. No. 2.) Mr. Byron was previously enrolled in the University of Utah's School of Medicine and successfully completed his first two years. (Mot. 2, Doc. No. 42.) During his second year, another student filed a complaint with the University's Office of Equal Opportunity and Affirmative Action (the "OEO"), alleging Mr. Byron engaged in sexual misconduct. (*Id.*) The OEO found cause to believe Mr. Byron engaged in nonconsensual sexual contact and nonconsensual sexual penetration. (*Id.*) Mr. Byron appealed the OEO's findings and an appeal committee held a

---

[1] Pursuant to DUCivR 7-1(f) the court decides the motion on the written memoranda.

1

hearing. (*Id.*) The committee concluded Mr. Byron engaged in nonconsensual sexual contact, but found insufficient evidence to support the conclusion that he engaged in nonconsensual sexual penetration. (*Id.* at 2–3.) Based on its findings, the committee did not recommend suspension. (*Id.* at 3.) Defendant Lori McDonald, Vice President of Student Affairs, reviewed the committee's recommendation and imposed the two-year suspension the committee had declined to recommend. (*Id.*; *see also* Compl. 2, Doc. No. 2.) Mr. Byron appealed this decision to Defendant Ruth Watkins, University President. (Mot. 3, Doc. No. 42; *see also* Compl. 2, Doc. No. 2.) Ms. Watkins affirmed Ms. McDonald's decision. (Mot. 3, Doc. No. 42.) Mr. Byron alleges Defendants "deprived him of his procedural and substantive due process rights." (*Id.* at 3; Compl. 6, Doc. No. 2.)

In the motion before the court, Mr. Byron seeks to file an amended complaint. The proposed amended complaint asserts the current claims against Ms. Watkins and Ms. McDonald in their individual capacities instead of their official capacities. (Mot. 1, Doc. No. 42.)

LEGAL STANDARD

After expiration of the time in which a pleading may be amended as a matter of course, a party may amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts "should freely give leave when justice so requires." *Id*. A court's decision to grant or deny leave to amend under Rule 15 of the Federal Rules of Civil Procedure falls within its discretion. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). Courts may deny leave to amend "only for reasons such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment.'" *United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d

1161, 1166 (10th Cir. 2009) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In addition to satisfying the Rule 15(a) standard, a party seeking leave to amend pleadings after the deadline in the scheduling order has passed must also demonstrate good cause to modify the scheduling order under Rule 16(b)(4) of the Federal Rules of Civil Procedure. *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014); *see also* Fed. R. Civ. P. 16(b)(4) (providing that a scheduling order "may be modified only for good cause and with the judge's consent"). This good cause standard is different than "the more lenient standard contained in Rule 15(a)." *Packers Sanitation Servs. v. Moroni Feed Co.*, No. 2:17-cv-01222, 2018 U.S. Dist. LEXIS 140199, at *6 (D. Utah Aug. 17, 2018) (unpublished). Specifically, "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Id.* (internal quotation marks omitted). A court's refusal to modify a scheduling order falls within its discretion. *Gorsuch*, 771 F.3d at 1240.

ANALYSIS

Mr. Byron contends the scope of the proposed amended complaint is very narrow in that he simply seeks to assert the current claims against Ms. McDonald and Ms. Watkins in their individual capacities as opposed to their official capacities. (Mot. 1, 7, Doc. No. 42.) Mr. Byron argues he did not act with undue delay, dilatory motive, or bad faith, and the proposed amendment will not prejudice the defendants. (*Id.* at 2.) According to Mr. Byron, good cause to amend exists under Rule 16 because Defendants' two, new, affirmative defenses, capacity and immunity, constitute new information learned for the first time after the deadline to amend

3

passed. (Reply Mem. in Support of Pl.'s Mot. for Leave to File Am. Compl. ("Reply") 2–3, Doc. No. 51.) Defendants object to the motion to amend. (Defs.' Mem. in Opp'n to Pl.'s Mot. for Leave to File Am. Compl. ("Opp'n"), Doc. No. 47.) Defendants argue Mr. Byron lacks good cause to amend the scheduling order and, in any event, his amendment is futile because Ms. Watkins and Ms. McDonald are entitled to qualified immunity from claims asserted against them in their individual capacities. (*Id.* at 1.)

The deadline to amend pleadings was October 30, 2020. (*Id.* at 4; Scheduling Order, Doc. No. 37.) Where Mr. Byron filed his motion to amend more than five months after this deadline, it makes sense to first consider whether Mr. Byron has demonstrated good cause to modify the scheduling order. Under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This requires a showing that the "scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch*, 771 F.3d at 1240 (alteration in original) (internal quotation marks omitted). A movant can satisfy this good-cause requirement if, for example, she "learns new information through discovery or if the underlying law has changed." *Id.* However, if a party "knew of the underlying conduct but simply failed to raise [her] claims" earlier, she cannot establish good cause under Rule 16. *Id.* Similarly, there is no good cause where "a party fails to bring an available claim due to an error of law or fact, a strategic decision, or a mere oversight." *Packers Sanitation Servs.*, 2018 U.S. Dist. LEXIS 140199, at *7.

Mr. Byron contends the proposed amendment arises out of a March 12, 2021 email from defense counsel. (Mot. 5, Doc. No. 42.) According to Mr. Byron, in that email, counsel said defendants "intended on asserting additional affirmative defenses" and intended to seek dismissal of Ms. Watkins and Ms. McDonald as parties "on the grounds that they had been

4

named as Defendants in the[ir] official (rather than their individual) capacities." (*Id.*) Defendants did not raise these affirmative defenses in their answer and this email was the first notice Mr. Byron received pertaining to these arguments.[2] (*Id.* at 5–6.) Mr. Byron asserts he had no notice of Defendants' intent to assert these defenses, nor any reason to seek leave to amend until after the deadline. (Reply 5, Doc. No. 51.) Thus, he argues the amendment is not due to mistake of law but, rather, new information. (*Id.* at 3.)

Defendants disagree with Mr. Byron's characterization of the amendment. They assert defense counsel emailed Mr. Byron's counsel, asking that he dismiss his claim for monetary damages under 42 U.S.C. § 1983, as they are not available against the University or Ms. Watkin or Ms. McDonald in their official capacities. (Opp'n 4, 7, Doc. No. 47.) Defendants argue Mr. Byron made a mistake of law and fails to assert good cause to amend. (*Id.* at 7.)

Here, Mr. Byron fails to establish good cause to amend his complaint after the deadline to do so. Mr. Byron's amendment is based solely on Defendants' allegedly belated affirmative defenses—what Mr. Byron describes as newly discovered information. However, Mr. Byron fails to establish this is actually new information. Mr. Byron does not assert he learned any new facts regarding Ms. Watkins' or Ms. McDonald's actions through the discovery process. Nor does he claim there has been any change to the facts—which is reinforced by the fact that the proposed amended complaint does not seek to change any of the underlying facts. Mr. Byron knew of the underlying conduct when he brought the claims against Ms. Watkins and Ms. McDonald in their official capacities. Nothing prevented him from bringing claims against them in their individual capacities at that time. Their underlying conduct has not changed. Mr.

---

[2] Mr. Byron also argues Defendants waived their ability to assert these affirmative defenses of capacity and immunity, but that issue is not currently before the court in this motion. (Reply 3–4, Doc. No. 51; *see also* Mot. 6–7, Doc. No. 42.)

Byron's failure to bring claims against Ms. Watkins and Ms. McDonald in their individual capacities reflects an error of law or mere oversight, not newly discovered information. Mr. Byron is free to argue Defendants waived their right to assert affirmative defenses but this, alone, does not establish good cause to modify the scheduling order to allow amendment of the complaint.

Because Mr. Byron has not established, under Rule 16, good cause to amend more than five months after the deadline, the court need not address his motion under Rule 15. *See Gorsuch*, 771 F.3d at 1242 ("Having concluded [movants] lacked good cause to amend their pleadings after the scheduling order deadline, we need not reach the Rule 15(a) issue, and decline to do so.").

## CONCLUSION

Where Mr. Byron fails to establish good cause to amend his complaint after the expiration of the deadline to amend in the scheduling order, his motion must be denied. Accordingly, the court DENIES Mr. Byron's motion to amend, (Doc. No. 42).

DATED this 20th day of September, 2021.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge