THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ROBERT BYRON,<br><br>               Plaintiff,<br><br>v.<br><br>UNIVERSITY OF UTAH; LORI MCDONALD, in her official capacity; and RUTH WATKINS, in her official capacity,<br><br>               Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART [48] DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Case No. 2:20-cv-00290-DBB<br><br>District Judge David Barlow |

      Robert Byron brought an action against the University of Utah, Lori McDonald, and Ruth Watkins (the State) for monetary damages and injunctive relief based on his alleged deprivation of procedural and substantive due process rights after his suspension from medical school.[1] Defendants moved for judgment on the pleadings on the basis that Byron's claims for monetary damages are not available under 42 U.S.C. § 1983 and that the claims against McDonald and Watkins are redundant.[2] Because Byron cannot pursue a claim for monetary relief but his equitable claims against McDonald and Watkins are not redundant, Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART.

---

[1] *See* Complaint, ECF No. 2 at 6–9.
[2] Defendants' Motion for Judgment on the Pleadings, ECF No. 48.

## BACKGROUND

After Byron was suspended from the University of Utah School of Medicine, he brought a lawsuit for injunctive relief and monetary damages against the University and two University employees in their official capacities.[3] The State sent counsel a letter, notifying Byron's counsel that they would seek dismissal of Byron's claims for monetary damages, because neither the University nor its employees in their official capacity are "persons" under § 1983.[4] Byron moved to amend the complaint, which Magistrate Judge Oberg denied.[5] The court now considers the State's motion for judgment on the pleadings.

## STANDARD

The standard for review of a motion for judgment on the pleadings under Rule 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6).[6] Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted.[7] Each cause of action must be supported by sufficient, well-pled facts to be plausible on its face.[8] In reviewing a complaint on a Rule 12(b)(6) motion to dismiss, factual allegations are accepted as true and reasonable inferences are drawn in a light most favorable to the plaintiff.[9] But the court disregards "assertions devoid of factual allegations" that are nothing more than "conclusory" or "formulaic recitation[s]" of the law.[10]

---

[3] *See* ECF No. 2.
[4] ECF No. 48 at 3.
[5] *See* Memorandum Decision denying Motion for Leave to File Amended Complaint, ECF No. 68.
[6] *Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005).
[7] Fed. R. Civ. P. 12(b)(6).
[8] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[9] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).
[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009).

## DISCUSSION

### I. Byron's claims for monetary damages are dismissed because Section 1983 does not authorize suit against state agencies or state employees in their official capacities.

Section 1983 creates a civil action against "every person who, under color of any statute . . . of any State or Territory or the District of Columbia" deprives another of rights protected by the Constitution.[11] The statute creates a cause of action against individuals, the text of the statute refers to a cause of action against a "person," and "a State is not a person within the meaning of § 1983."[12] Furthermore, even though state officials are literally "persons," "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."[13] Thus, "it is no different from a suit against the state itself."[14] "Neither a State nor its officials acting in their official capacities are 'persons' under § 1983."[15]

In this case, Byron cannot sue the University or McDonald and Watkins in their official capacities for monetary damages because none of them are "persons" under § 1983. The Tenth Circuit has "consistently found state universities are arms of the state."[16] And a suit against McDonald and Watkins in their official capacities, both state employees, is no different than a suit against the state itself.

Byron argues that the court should not dismiss his claims for monetary damage because the State now raises a defense of Eleventh Amendment sovereign immunity, which it allegedly has waived.[17] But the State's argument for dismissal is not predicated on sovereign immunity.

---

[11] 42 U.S.C. § 1983.
[12] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989).
[13] *Id.* at 71.
[14] *Id.*
[15] *Id.*
[16] *Watson v. Univ. of Utah Med. Ctr.*, 75 F.3d 569, 575 (10th Cir. 1996).
[17] Plaintiff's Memorandum in Opposition to Defendant's Motion for Judgment on the Pleadings, ECF No. 53 at 4–5.

The requirement that an individual sue a "person" under § 1983 is an essential element of a statutory claim that is independent from the affirmative defense of sovereign immunity. The Supreme Court implicitly recognized this principle in *Will*.[18] When considering the question of whether a state is a "person" under § 1983, the Court noted that "Petitioner filed the present § 1983 actions in Michigan state court, which places the question whether a State is a person under § 1983 squarely before us since the Eleventh Amendment does not apply in state courts."[19] The requirement that an individual sue a "person" is independent from the defense of sovereign immunity because, otherwise, the Court would have no reason to consider whether the requirement holds true in state courts, where sovereign immunity does not apply. Thus, Byron's argument that the state has waived its defense of sovereign immunity is irrelevant because Byron has failed to plead an essential element of a claim for monetary damages under § 1983.

## II. Byron's claims against McDonald and Watkins are not redundant because they are necessary to pursue injunctive relief under *Ex Parte Young*.

The State also asks the court to dismiss the claims against McDonald and Watkins because they are redundant to the claim against the University. Having dismissed Byron's claims for monetary damages, the only remaining claim is Byron's claim for injunctive relief.

The State cites to several cases that hold that, in the context of Title VII cases, suits against employees in their official capacity are superfluous when the suit also names the employer.[20] This is also true when an individual sues both a municipal government not subject to sovereign immunity and employees of the municipal government in their official capacities.[21]

---

[18] *Will*, 491 U.S. at 58.
[19] *Id.*
[20] ECF No. 48 at 6.
[21] *See, e.g.*, *Moore v. City of Tulsa*, 55 F. Supp. 3d 1337, 1349 (N.D. Okla. 2014); *Lopez v. Board of Cty. Comm'rs for Lea Cty.*, No. 15-CV-0822 WPJ/LAM, 2016 WL 10588126, at *2 (D.N.M. 2016).

But here, Byron might be unable to pursue injunctive relief against the University alone because the Eleventh Amendment bars suits against state agencies for both injunctive relief and monetary damages.[22] In contrast, the Eleventh Amendment does not apply to suits seeking only prospective injunctive relief against state officers in their official capacities.[23] Accordingly, Byron's claims against McDonald and Watkins in their official capacities are not superfluous.

## ORDER

For the reasons stated above, Defendants' Motion for Judgment on the Pleadings is GRANTED IN PART and DENIED IN PART.

Signed September 24, 2021.

BY THE COURT

_____
David Barlow
United States District Judge

---

[22] *Cory v. White*, 457 U.S. 85, 91 (1982) ("It would be a novel proposition indeed that the Eleventh Amendment does not bar a suit to enjoin the State itself simply because no money judgment is sought. . . . the Eleventh Amendment by its terms clearly applies to a suit seeking an injunction, a remedy available only from equity.").
[23] *Chamber of Commerce of U.S. v. Edmondson*, 594 F.3d 742, 760 (10th Cir. 2010); *Tarrant Reg'l Water Dist. v. Sevenoaks*, 545 F.3d 906, 911 (10th Cir. 2008) ("[U]nder the doctrine of *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), Eleventh Amendment immunity does not extend to a state official sued in his official capacity when the plaintiff seeks only prospective, injunctive relief.").